Frank Houswerth, Plaintiff-Appellee, v. Leona Gill and James L. Houswerth, Defendants-Appellants.

## Gen. No. 48,858.

First District, Second Division.
March 14, 1963.

Anderson, Kostecki & Bobel, and Askow, Stevens and Hardy, all of Chicago, for appellants.

Irving Eisenberg and Paul I. Baikoff, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

Frank J. Houswerth and his first wife, Kate Houswerth, owned forty shares of stock in the American Telephone and Telegraph Company in joint tenancy with right of survivorship. Shortly after Kate Houswerth died, in 1953, a meeting was held between Frank J. Houswerth and the defendants, Leona Gill, his daughter, and James L. Houswerth, his son, pursuant to which Leona Gill and Frank J. Houswerth took the three certificates, representing the forty shares, to the office of the American Telephone and Telegraph Company, at which time he assigned and transferred the ownership of the forty shares to himself and his children in joint tenancy with right of survivorship. This joint ownership was evidenced by the issuance of two new certificates, each representing twenty shares, one of which was issued in the names of Frank J. Houswerth and James L. Houswerth in joint tenancy with right of survivorship and the other was issued in the names of Frank J. Houswerth and Leona Gill in joint tenancy with right of survivorship. Subsequently, while the plaintiff was engaged to his present wife, he purchased an additional forty shares, as evidenced by two additional certificates made out in the identical manner.

The remainder of the shares in question, in this action, are represented by two certificates for eighty shares each, one of which is in the names of Frank J. Houswerth and James L. Houswerth in joint tenancy with right of survivorship, and the other is in the names of Frank J. Houswerth and Leona Gill in joint tenancy with right of survivorship. These latter shares resulted from a three for one stock split.

The first four of the above-mentioned certificates were placed in a safe deposit box by Leona Gill, said box bearing her name, as well as her husband's and her father's. After Frank J. Houswerth remarried and moved to Florida, Leona Gill removed them from the safe deposit box and mailed them to her father along with the certificates resulting from the stock split, shortly after they were issued. Subsequently, plaintiff asked defendants to endorse the certificates to him which they refused to do, claiming that a gift had been made in their favor.

This appeal is taken from a decree of the chancellor ordering the defendants to endorse the certificates to the plaintiff.

It is our opinion that the decision in the recent case of Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850, which was filed on September 28, 1962, subsequent to the ruling of the chancellor in this case and the filing of the briefs in this court, is determinative of the issues in the case at bar. In that case, the defendants contended, inter alia, that the father's act of placing his corporate stock in joint tenancy with his children did not create a valid inter vivos gift, the theory being that he was motivated, not by donative intent, but by a desire to use the joint tenancy as a device for testamentary disposition. They also contended that there had never been an irrevocable delivery in view of the fact that the donor never parted with control over the property.

In answering these contentions, the court observed, at pages 69 and 70:

> "A statutory right of survivorship exists and we think it unnecessary to follow the principles of common-law joint tenancy whether an agreement has been signed by the parties or not. The registration of stock ownership upon the books of the corporation in appropriate statutory language

is sufficient to vest legal title, subject to divestment if the circumstances surrounding the transaction warrant it.

. . . . . .

"There is a presumption that the taking or placing of title by a father in a child is a gift or advancement, and the burden is upon one questioning the gift to overcome the presumption by clear and convincing proof. (Moore v. Moore, 9 Ill2d 556; Kraft v. Kretchman, 17 Ill2d 71.) There is a further presumption of acceptance of a gift beneficial to the donee. Healy v. Stevens, 347 Ill 202; Fonda v. Miller, 411 Ill 74; Maciaszek v. Maciaszek, 21 Ill2d 542."

In dealing with the problem of whether or not the donor in that case had actually consummated his donative intent, the court observed, at page 72:

"We turn to the question of whether the acts of the intended donor amounted to consummation of his intent to make inter vivos gifts. In addition to donative intent, other elements must be present. The donor must part with exclusive dominion and control over the subject of the gift and there must be delivery. The decedent surrendered his exclusive right to the several items when he voluntarily placed ownership in himself and others. The rights of the co-owners were equal to his own and by the transfer of his funds into joint-tenancy obligations he gave up exclusive dominion and control. Each of the co-owners has an equal right to possession of the evidence of title . . . and, since they cannot both have manual possession at the same time, possession by one is possession for the benefit of both. (Illinois Trust and Savings Bank v. Van Vlack, 310 Ill 185.) We think it follows that delivery by the issuer or

284

maker to one of the joint owners is delivery for the benefit of all and satisfies the requirement of delivery where, as here, there is donative intent. Cf. Maciaszek v. Maciaszek, 21 Ill2d 542."

■ ■ In the case at bar, both defendants testified that plaintiff had told each of them at least once, either prior to or at the time that the certificates in question were issued, that he wanted them to be part owners and the record is devoid of any testimony by plaintiff regarding statements made by him at the time the joint tenancies were created which directly controverts the testimony of the defendants. In view of this fact, as well as the holding in Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850, to the effect that a donative intent is presumed when a father creates a joint tenancy in his stock, in favor of his children, and this intent is consummated when ownership is actually conferred upon the joint tenants and delivery is made to one of the joint tenants, plaintiff will not now be heard to rebut the presumption of a gift with little more than the bare assertion that he was motivated by testamentary and not donative intent. A gift, in fact, was actually made and delivered and it may not now be revoked because of the donor's change of mind. Chicago Title and Trust Co. v. Ward, 332 Ill 126, 163 NE 319; Harris v. Harris, 222 Ill App 164.

■ Finally, the fact that the plaintiff has been receiving the income from the stocks in question, pursuant to an agreement between the parties does not make the gift any less complete or absolute. It has been frequently held that a gift of stock may occur although the donor reserves the right to receive all the dividends therefrom. Stock v. Seegar, 99 Ill App 353; Brightbill v. Boeshore, 385 Pa 69, 122A2d 38; Allender v. Allender, 199 Md 541, 87 A2d 608; State ex rel. Shaffer v. Kuthy (Ohio App), 71 NE2d 133; Benton

285

v. Smith (Mo App), 171 SW2d 767; Petri v. Rhein, 162 F Supp 834.

The decree is reversed and the cause remanded with directions to dismiss the complaint for want of equity.

Decree reversed and cause remanded with directions.

BURKE and FRIEND, JJ., concur.